1  Randall J. Sunshine (SBN 137363)
      rsunshine@linerlaw.com
2  Ryan E. Hatch (SBN 235577)
      rhatch@linerlaw.com
3  Jason L. Haas (SBN 217290)
      jhaas@linerlaw.com
4  LINER LLP
   1100 Glendon Avenue, 14th Floor
5  Los Angeles, California 90024.3503
   Telephone:  (310) 500-3500
6  Facsimile:   (310) 500-3501

7  Attorneys for Plaintiff SIGNAL IP, INC.

8

9               UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

12  SIGNAL IP, INC., a California        Case No. 2:14-cv-02459
    corporation,
13                                       **COMPLAINT FOR PATENT
                Plaintiff,               INFRINGEMENT**
14
         vs.
15
    MAZDA MOTOR OF AMERICA,              **JURY TRIAL DEMANDED**
16  INC., a California corporation,

17              Defendant.

18

19       Plaintiff Signal IP, Inc. ("Signal IP" or "Plaintiff") brings this Complaint

20  against Defendant Mazda Motor of America, Inc. ("Mazda" or "Defendant"),

21  alleging as follows:

22                              **PARTIES**

23       1.    Plaintiff Signal IP is a California corporation with its principal place of

24  business at 11100 Santa Monica Blvd., Suite 380, Los Angeles, CA 90025.

25       2.    On information and belief, Mazda Motor of America, Inc. is a

26  California corporation with its principal place of business at 7755 Irvine Center Dr.,

27  Irvine, CA 92618.

28

**JURISDICTION, VENUE AND JOINDER**

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Defendant has conducted extensive commercial activities and continues to conduct extensive commercial activities within the State of California. Defendant Mazda Motor of America, Inc. maintains its principal place of business within this judicial district. Additionally, on information and belief, Defendant, directly and/or through intermediaries (including Defendant's entities, subsidiaries, distributors, sales agents, partners and others), distributes, offers for sale, sells, and/or advertises its products (including but not limited to the products and services that are accused of infringement in this lawsuit) in the United States, in the State of California, and in this judicial district, under the "Mazda" brand name. Defendant has purposefully and voluntarily placed one or more of its infringing products and services into the stream of commerce with the expectation that the products and services will be purchased or used by customers in California and within this judicial district. Accordingly, Defendant has infringed Signal IP's patents within the State of California and in this judicial district as alleged in more detail below.

5. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

**BACKGROUND**

6. Signal IP, Inc. is a California corporation with a principal place of business at 11100 Santa Monica Blvd., Suite 380, Los Angeles, CA 90025. It is the owner of the entire right, title and interest in and to U.S. Patent Nos. 5,714,927; 5,732,375; 6,434,486; 6,012,007; and 5,463,374 (the "Patents-in-Suit").

7. On information and belief, Defendant is a direct or indirect subsidiary of global car manufacturer and distributor Mazda Motor Corporation. ("Mazda Motor"), which is headquartered in Japan. Mazda Motor manufactures and

1  distributes cars under the "Mazda" brand name.

## FIRST CLAIM FOR RELIEF

### (Infringement of the '927 Patent)

8. Plaintiff incorporates paragraphs 1 through 7 of this complaint as if set forth in full herein.

9. Signal IP is the owner of the entire right, title, and interest in and to U.S. Patent No. 5,714,927 (the '927 Patent), entitled "Method of Improving Zone of Coverage Response of Automotive Radar."  The '927 Patent was duly and legally issued by the U.S. Patent and Trademark Office on February 3, 1998.  A true and correct copy of the '927 Patent is attached as Exhibit A.

10. Defendant has directly infringed and continues to infringe, literally and/or under the doctrine of equivalents, the '927 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '927 Patent, including but not limited to the Blind Spot Monitoring (BSM) system used in products including but not limited to the Mazda 3, 6, CX-5, CX-9, Mazdaspeed 3, RX-8, and CX-7.

11. Defendant has contributorily infringed and is currently contributorily infringing the '927 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '927 Patent, including but not limited to the Blind Spot Monitoring (BSM) system used in products including but not limited to the Mazda 3, 6, CX-5, CX-9, Mazdaspeed 3, RX-8, and CX-7.

12. Defendant has actively induced and is actively inducing the infringement of the '927 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '927 Patent, including but not limited to the Blind Spot Monitoring (BSM) system used in products including but not limited to the Mazda 3, 6, CX-5, CX-9, Mazdaspeed 3, RX-8, and CX-7.

13. Defendant's infringement of the '927 Patent has been and continues to be willful, rendering this case exceptional within the meaning of 35 U.S.C. § 285.

14. Unless enjoined by this Court, Defendant will continue to infringe the '927 Patent.

15. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered, and will continue to suffer, irreparable injury for which it has no adequate remedy at law.  Plaintiff also has been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## SECOND CLAIM FOR RELIEF

### (Infringement of the '375 Patent)

16. Plaintiff incorporates paragraphs 1 through 15 of this complaint as if set forth in full herein.

17. Signal IP is the owner of the entire right, title, and interest in and to U.S. Patent No. 5,732,375 (the '375 Patent), entitled "Method of Inhibiting or Allowing Airbag Deployment."  The '375 Patent was duly and legally issued by the U.S. Patent and Trademark Office on March 24, 1998.  A true and correct copy of the '375 Patent is attached as Exhibit B.

18. Defendant has directly infringed and continues to infringe, literally and/or under the doctrine of equivalents, the '375 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '375 Patent, including but not limited to the passenger seat weight sensors used in products including but not limited to the Mazda 2, 3, 5, 6, CX-5, CX-9, MX-5 Miata, Mazdaspeed 3, RX-8, Tribute, and CX-7.

19. Defendant has contributorily infringed and is currently contributorily infringing the '375 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '375 Patent, including but not limited to the passenger seat weight sensors used in products including but not limited to the Mazda 2, 3, 5, 6, CX-5, CX-9, MX-5 Miata,

Mazdaspeed 3, RX-8, Tribute, and CX-7.

20. Defendant has actively induced and is actively inducing the infringement of the '375 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '375 Patent, including but not limited to the passenger seat weight sensors used in products including but not limited to the Mazda 2, 3, 5, 6, CX-5, CX-9, MX-5 Miata, Mazdaspeed 3, RX-8, Tribute, and CX-7.

21. Defendant's infringement of the '375 Patent has been and continues to be willful, rendering this case exceptional within the meaning of 35 U.S.C. § 285.

22. Unless enjoined by this Court, Defendant will continue to infringe the '375 Patent.

23. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered, and will continue to suffer, irreparable injury for which it has no adequate remedy at law. Plaintiff also has been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

### THIRD CLAIM FOR RELIEF

### (Infringement of the '486 Patent)

24. Plaintiff incorporates paragraphs 1 through 23 of this complaint as if set forth in full herein.

25. Signal IP is the owner of the entire right, title, and interest in and to U.S. Patent No. 6,434,486 (the '486 Patent), entitled "Technique for Limiting the Range of an Object Sensing System in a Vehicle." The '486 Patent duly and legally issued by the U.S. Patent and Trademark Office on August 13, 2002. A true and correct copy of the '486 Patent is attached as Exhibit C.

26. Defendant has directly infringed and continues to infringe, literally and/or under the doctrine of equivalents, the '486 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '486 Patent, including but not limited to the Adaptive Cruise Control

(ACC) system used in products including but not limited to the Mazda 3, 6, CX-5, CX-9, MX-5 Miata, Mazdaspeed 3, RX-8, and CX-7.

27. Defendant has contributorily infringed and is currently contributorily infringing the '486 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '486 Patent, including but not limited to the Adaptive Cruise Control (ACC) system used in products including but not limited to the Mazda 3, 6, CX-5, CX-9, MX-5 Miata, Mazdaspeed 3, RX-8, and CX-7.

28. Defendant has actively induced and is actively inducing the infringement of the '486 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '486 Patent, including but not limited to the Adaptive Cruise Control (ACC) system used in products including but not limited to the Mazda 3, 6, CX-5, CX-9, MX-5 Miata, Mazdaspeed 3, RX-8, and CX-7.

29. Defendant's infringement of the '486 Patent has been and continues to be willful, rendering this case exceptional within the meaning of 35 U.S.C. § 285.

30. Unless enjoined by this Court, Defendant will continue to infringe the '486 Patent.

31. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered, and will continue to suffer, irreparable injury for which it has no adequate remedy at law.  Plaintiff also has been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

### FOURTH CLAIM FOR RELIEF
**(Infringement of the '007 Patent)**

32. Plaintiff incorporates paragraphs 1 through 31 of this complaint as if set forth in full herein.

33. Signal IP is the owner of the entire right, title, and interest in and to U.S. Patent No. 6,012,007 (the '007 Patent), entitled "Occupant Detection Method

and Apparatus for Air Bag System." The '007 Patent was duly and legally issued by the U.S. Patent and Trademark Office on January 4, 2000. A true and correct copy of the '007 Patent is attached as Exhibit D.

34. Defendant has directly infringed and continues to infringe, literally and/or under the doctrine of equivalents, the '007 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems for hybrid vehicles disclosed and claimed in the '007 Patent, including but not limited to the passenger seat weight sensors used in products including but not limited to the Mazda 2, 3, 5, 6, CX-5, CX-9, MX-5 Miata, Mazdaspeed 3, RX-8, Tribute, CX-7, and Tribute Hybrid.

35. Defendant has contributorily infringed and is currently contributorily infringing the '007 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '007 Patent, including but not limited to the passenger seat weight sensors used in products including but not limited to the Mazda 2, 3, 5, 6, CX-5, CX-9, MX-5 Miata, Mazdaspeed 3, RX-8, Tribute, CX-7, and Tribute Hybrid.

36. Defendant has actively induced and is actively inducing the infringement of the '007 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '007 Patent, including but not limited to the passenger seat weight sensors used in products including but not limited to the Mazda 2, 3, 5, 6, CX-5, CX-9, MX-5 Miata, Mazdaspeed 3, RX-8, Tribute, CX-7, and Tribute Hybrid.

37. Defendant's infringement of the '007 Patent has been and continues to be willful, rendering this case exceptional within the meaning of 35 U.S.C. § 285.

38. Unless enjoined by this Court, Defendant will continue to infringe on the '007 Patent.

39. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered, and will continue to suffer, irreparable injury for which it has no

7
Case No. 2:14-cv-02459
COMPLAINT FOR PATENT INFRINGEMENT

adequate remedy at law. Plaintiff also has been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## FIFTH CLAIM FOR RELIEF

### (Infringement of the '374 Patent)

40. Plaintiff incorporates paragraphs 1 through 39 of this complaint as if set forth in full herein.

41. Signal IP is the owner of the entire right, title, and interest in and to U.S. Patent No. 5,463,374 (the '374 Patent), entitled "Method and Apparatus for tire Pressure Monitoring and for Shared Keyless Entry Control." The '374 Patent was duly and legally issued by the U.S. Patent and Trademark Office on October 31, 1995. A true and correct copy of the '374 Patent is attached as Exhibit E.

42. Defendant has directly infringed, literally and/or under the doctrine of equivalents, the '374 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems for hybrid vehicles disclosed and claimed in the '374 Patent, including but not limited to the Remote Keyless Entry (RKE) and Tire Pressure Monitor System (TPMS) used in products including but not limited to the Mazda 2, 3, 5, 6, CX-5, CX-9, MX-5 Miata, Mazdaspeed 3, RX-8, Tribute, CX-7, and Tribute Hybrid.

43. Defendant has contributorily infringed the '374 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '374 Patent, including but not limited to the Remote Keyless Entry (RKE) and Tire Pressure Monitor System (TPMS) used in products including but not limited to the Mazda 2, 3, 5, 6, CX-5, CX-9, MX-5 Miata, Mazdaspeed 3, RX-8, Tribute, CX-7, and Tribute Hybrid.

44. Defendant has actively induced infringement of the '374 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '374 Patent, including but not limited to the Remote Keyless Entry (RKE) and Tire Pressure Monitor System (TPMS) used in

products including but not limited to the Mazda 2, 3, 5, 6, CX-5, CX-9, MX-5 Miata, Mazdaspeed 3, RX-8, Tribute, CX-7, and Tribute Hybrid.

45. As a direct and proximate result of the Defendant' conduct, Plaintiff has suffered irreparable injury for which it has no adequate remedy at law. Plaintiff also has been damaged in an amount yet to be determined.

## **PRAYER FOR RELIEF**

Wherefore, Signal IP respectfully requests that the Court enter judgment against Defendant as follows:

1. That Defendant has directly infringed the Patents-in-Suit;

2. That Defendant has contributorily infringed the Patents-in-Suit;

3. That Defendant has induced the infringement of the Patents-in-Suit;

4. That Defendant's infringement be adjudged willful and deliberate;

5. That Defendant and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, successors, assigns, and all those acting in concert, participation, or privity with them or on their behalf, including customers, be enjoined from infringing, inducing others to infringe or contributing to the infringement of the Patents-in-Suit;

6. For damages, according to proof, for Defendant's infringement, together with pre-judgment and post-judgment interest, as allowed by law and that such damages be trebled as provided by 35 U.S.C. § 284;

7. That this Court determine that this is an exceptional case under 35 U.S.C. § 285 and an award of attorneys' fees and costs to Signal IP is warranted; and

8. For such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: April 1, 2014 | LINER LLP |

                                                          By:    */s/ Ryan E. Hatch*
                                                                Randall J. Sunshine
                                                                Ryan E. Hatch
                                                                Jason L. Haas
                                                                Attorneys for Plaintiff SIGNAL IP, INC

JURY DEMAND

Pursuant to Federal Rules of Civil Procedure Rule 38(b), Plaintiff Signal IP, Inc. respectfully demands a jury trial on any and all issues triable as of right by a jury in this action.

Dated: April 1, 2014                LINER LLP

By:  */s/ Ryan E. Hatch*
    Randall J. Sunshine
    Ryan E. Hatch
    Jason L. Haas
    Attorneys for Plaintiff SIGNAL IP, INC